Good morning, Your Honor. May it please the Court, my name is Michael Franklin. I represent the appellant, Lori Peterson, in this matter. I will be presenting argument and watching the time in an effort to try and reserve a few minutes for rebuttal. We're here today because we're appealing the District Court's grant of partial summary judgment on Ms. Peterson's retaliation under the Americans with Disabilities Act and under Washington's law against discrimination. We're also appealing the District Court's grant of summary judgment on Ms. Peterson's claims for failure to accommodate under those same statutes. Lastly, and because the District conduct amounted to adverse employment actions, the Court allowed Ms. Peterson's claims for pre-termination retaliation to proceed to trial. So as a result of that, we're asking this Court, in consideration of our appeal issues, to vacate the jury verdict and remand this matter for a new full trial on all of the retaliation claims, not segregating them by pre-determination retaliation actions and the actual termination decision. The affidavit that was provided by Ms. Bruce, when was that created? I don't have a specific date on that, Your Honor, but it would have been close in time to the hearing on summary judgment. Was discovery still open at the time? I'm not certain. I don't know the answer to that question. Could she have been deposed by the other side or by everybody to see a little bit more detail about what she said in her affidavit or not? Yes, I know that there was specific discussion about deposing her prior to trial. However, that never happened. So it could have taken place, yes, but it did not. Is what she said in that affidavit direct evidence or circumstantial evidence? I believe it's direct evidence, Your Honor. When we see the context in which she's providing this testimony, she's saying that the HR director and Mrs. Bruce's own boss, after the complaints of discrimination and harassment were made and after the request for an accommodation were made, that they had discussions. During those discussions, they were upset. She's testified to that. She also testified that she was going to be a problem and they needed to get rid of her, but they needed to do so in a way that they could cover their tracks so that it would not appear to be retaliatory in nature. Those issues, in my mind, go directly to the issue of discriminatory animus. And I would say that's direct. Yes, Your Honor. Sorry. Can I get back to the timing issue that Judge Tuneheim raised? And I realized I'm confused. So her affidavit is dated April 13th. And then when was the trial? Was that before the trial? That was before the trial. And so did Ms. Bruce take the stand at the trial? Did she testify? She did not take the stand at the trial, Your Honor. But that information, her declaration had been made before the trial. Correct. And it was heard by the court on summary judgment. Okay. It was presented at that time. The opposing party will raise that as an issue, that, well, she didn't testify at trial. I think they're speculating that she won't again testify at trial, but there's no basis for that speculation. First of all... So at trial, the issue was whether Ms. Bruce's actions constituted adverse employment actions in retaliation for either for reporting or asking for an accommodation for the celiac disease. Is that what the trial was about? No. When the court dismissed the failure to accommodate claim, it dismissed, in my mind, all the issues related to that. So we were focusing at the time of trial solely on the retaliation for her complaints of discrimination that she made. And so the question was whether Ms. Bruce's actions would constitute adverse or retaliatory for Ms. Peterson's complaints. Is that... That's exactly correct. Help me understand. Obviously, if the district courts allow, you can bring in any of that evidence into a... If the summary judgment were reversed by this court and it went to trial, that evidence could be brought up in a trial on the termination claim. What is it that would necessitate vacating the prior verdict? I'm not sure I understand what the theory is. Well, the theory would be, Your Honor, that when we go back to a retrial, if that's the decision by this panel, we'll have to present the totality of the circumstances. Right, that's evidence. So you bring in all the evidence you want, that's no problem. Absolutely. But what I'm saying is that what the jury should be allowed to do is look at that and make a decision as to whether or not the conduct that occurred pre-termination was retaliation as well. When looking at it as a... What we shouldn't do and what I'm trying to avoid is a situation where we're back on retrial and I can't argue to the jury that all of these issues that happened pre-termination are evidence of retaliation and can be determined by this jury to be retaliatory in violation of the law. So the jury determined that it wasn't retaliatory, so why would you be able to argue it again? I mean, what changes that would say that this activity... Because now we're looking at the termination, we're not looking at the prior activity. Well, again, we would be looking at the totality of the circumstances. The issues are so interwoven together that I don't believe that there's any meaningful way to parse them, as your Honor indicated. Well, you could obviously bring up those other issues and that's true. Okay. But you had the evidence, you had Ms. Bruce's affidavit before the trial, so I guess I'm... So that evidence was known. So I guess I'm not understanding why you should make a second crack at whether pre-termination activities were retaliatory or not. I guess I don't understand what difference it makes. Perhaps it is a distinction without a difference that I'm making, but I've explained that what I'm trying to do, what I want to be able to do is go back to the jury, re-argue this case in its totality, present all of the circumstances as to what happened... No, I understand you want to do that, maybe get a better result. I'm just saying, why would a different opinion on summary judgment make that just or fair or make it unfair to allow the jury verdict to sit? That was the confusion I had. Sure. And I believe the issue is discretionary with this Court. This Court has a wide discretion to order a full trial or a partial trial, however it deems fit. The trial that took place had nothing to do with the termination, correct? Correct. In fact, we were specifically prevented or barred from using the word termination, which... The jury was not told of the termination? Yes and no. In closing argument, there was reference to her being fired and terminated, which again shows how difficult it was to try this case on a retaliatory termination without talking about the actual termination. So again, to my point, I felt like we had an arm tied behind our back and had to come up with a slightly different theory moments, not moments, but weeks before the trial took place and I don't want to have to be prejudiced in that way again. Is there any other direct evidence in the case besides the Bruce affidavit? Direct evidence, no. Circumstantial, yes. Circumstantial, yes. And with that, as this Court is aware, the failure to accommodate and the claims for retaliation under the ADA and Washington law against discrimination can be proved in two ways. Direct evidence, which we believe we've had through the Bruce declaration. And that ends the analysis. If that is accepted as direct evidence, which I believe it is, a triable issue is created. So absent the Bruce affidavit, what creates a genuine issue of material fact? Well, absent the Bruce affidavit, we have the reasons for the termination having been called into question. She was terminated for allegedly being unprofessional during a telephone call. And they fired both of them for what they said on the call and apparently bad language was used and this was the culmination of a lot of interpersonal fighting. Yes, that's the allegation. Now, as Kelly acknowledged, this call was very short. It lasted 35 seconds. So is there a genuine issue of material fact that that wasn't the reason? I believe so. And what creates a genuine issue of material fact? Well, because the termination decision, as Kelly testified to, was not based upon that call at all. It was based upon a subsequent call for which my client was not a participant on. So they have the joint call on the 15th of January. Then following that call, you have a call between Ms. Bruce and her boss who made the termination decision where he And further stated, as a result of that call, again, that my client was not a party to, he made the decision to terminate him. I think a jury could view that as not being credible. So does that raise a genuine issue of material fact that the real reason was because of her reports of the celiac disease or her request for accommodation or whatever it was that was discriminatory? Why does that raise a genuine issue of material fact that the real reason was her disease or her need for accommodation? Yes. I believe, again, you have to look at the Bruce declaration and Well, I'm saying if we took the Bruce declaration out, is there a genuine issue of material fact? Specifically that it was for celiac? I don't believe that's the Well, that's what you need for the Well, I don't believe, with respect, I don't believe you have to prove that the decision was because of the specific complaint or disease. At that stage of the analysis under the McDonnell-Douglas burden-shifting framework, all we need to do is provide some evidence of pretext, which I think I was alluding to that we did, because I guess you passed your prima facie case, but there still has to be a genuine issue of material fact of discrimination or retaliation. Correct, Your Honor, and that's going to be the issue for the trier of fact. That's not an issue that should have been made on summary judgment. Why not? Well, If there's not a genuine issue of material fact of discrimination or retaliation, then summary judgment would be appropriate. And again, we're putting aside the Bruce declaration, which was considered by the court, on summary judgment. But if we do put that aside and we're looking solely at the circumstantial evidence of pretext, I believe that that pretext evidence does exist. And you look at the timing. That's another thing that the court needs to consider when looking as to whether or not you go to trial. You have somebody make complaints, and all of this happened in a very condensed time period. We're talking about a time period from November to January. That's all the time that my client had. Prior to that time, she'd worked there for more than a year and had been given multiple awards and performed admirably. That's another factor that the court would be considering on summary judgment. So you've got all of those issues combined to form what is the question of fact. Counsel, did you want to hold some time for rebuttal? I believe I would, Your Honor. But if there's more questions, I'd be happy to answer. I just have one quick question. Maybe not quick, but quick. I'll try to make it quick. Judge Mendoza found that the reasons were not pretextual. That was his ground for granting summary judgment. And he said that the record rebutted Bruce's testimony. Bruce's testimony in the affidavit, on its face anyway, seems to be direct and fairly strong. What was he looking at? He was referring to an e-mail that she sent, again, not including my client, but referring to an e-mail that was sent on January 16th where she complained about Kelley Services dragging their feet and not letting her terminate him because they needed more evidence. That's specifically, I believe, the issue that the court was referring to. So he found her affidavit to be inconsistent with that and he weighed the e-mail. Well,  it certainly appeared that way to me, Your Honor. If there's no further questions, I'll reserve the rest of my time. Thank you. Good morning, Your Honors. May it please the Court. Rick Patterson appearing on behalf of Kelley Services. Put simply, this is a case with two coworkers who couldn't get along. And over the course of a month and a half or so, got to the point where they couldn't coexist in the same office. The testimony from both the HR representative and the Regional Vice President, Mr. Rodriguez, was that they basically quit doing their jobs and spent all of their day trying to figure out how to get the other person in trouble for not doing what they're supposed to be doing. And, you know, this led up to the phone conversation on the 15th of January. And at the conclusion of that, counsel is correct, there was another call between Ms. Bruce and Mr. Rodriguez. And it was after that call on the 15th that he decided, there's just no way to save this, there's nowhere to go on this. Both people were terminated. There's just no salvaging this relationship. That has absolutely nothing to do with the plaintiff's claim of celiac disease or any events that took place by Ms. Bruce in November or December. So what would be the basis for disregarding Bruce's affidavit? We have some doctrines, but they don't seem to fit. We have sham affidavit doctrine, which doesn't seem to fit in this case. We've got self-serving affidavits that we've sometimes applied. But here we have an affidavit that we're supposed to take in the light most favorable to the nonmoving party, which says that the company conspired to fire Ms. Peterson because of not wanting to make an accommodation. So we have to take that at face value, right? What would be the basis for rejecting that? I guess two points. One is I acknowledge that this doesn't fit neatly within the sham affidavit. However, I think the principles behind that do apply here because we're dealing with, you know, contradictory, and I'll discuss it in detail in a second, but contradictions between contemporaneous writing and something that came up that was prepared by plaintiff's counsel for summary judgment purposes. In her affidavit, she does discuss the fact that she still believes she was discriminated against by Kelly. So there is a basis for bias there. So I think that the principles that underlie the sham affidavit, although not directly fitting into the circumstances of this case, the principles do apply. And my argument is that it should be applied and the affidavit completely disregarded. Now the other part of that is, and counsel acknowledged on his oral argument, that the district court didn't take that vein. The judge didn't disregard the affidavit. He simply said, you know, he didn't treat it as direct evidence. He said because of the contradictions, because it doesn't exist in a vacuum without consideration to the other record evidence, that it cannot, it does not constitute direct evidence and treat it as circumstantial evidence. That sounds like an argument that there is at least material fact disputes that a jury should resolve. Well, I don't think so. It relates to whether or not the affidavit itself is, you know, if it sits alone and is not even, the circumstances of it aren't considered, or if it's actually read in the context of the facts of the case. I don't think you can separate this from the facts of the case to call it direct evidence. And the district court didn't, again, say this is, I'm not going to consider it. He considered it. It just wasn't, it was circumstantial evidence that was considered with the remainder of the evidence that the plaintiff presented, and including consideration of this affidavit. But if it's true, what she said in the affidavit, why isn't that direct evidence of discrimination? I'm sorry, I... If what the affidavit says is true, why isn't that direct evidence rather than circumstantial evidence of discrimination? Well, again, the allegations in the affidavit are, based on record evidence, are, you know, are presumptively false. The paragraph four, it talks about Ms. Peterson bringing up medical issues surrounding her celiac disease. We know from the record evidence that she didn't make that complaint until January 14th. Plaintiff on appeal says, well, she may have done it on the 8th, let's never argue that in the court below, but be that as it may, at a minimum we know it didn't occur until January. So are you asking us to extend our doctrine to say that where an affidavit or where a piece of evidence is contradicted by other evidence in the record, the district court is entitled to weigh those to determine whether there's a genuine issue of material fact? No, I'm simply... How would you characterize the rule you would want us to adopt? It's simply a matter of whether or not it's considered direct evidence or circumstantial. I don't think that's necessarily relevant. The question is whether there's a genuine issue of material fact, regardless of whether the evidence that supports that is direct or circumstantial evidence. And here we have evidence that the company fired her, fired Ms. Peterson, because they didn't want to give her an accommodation. So taking that in the light most favorable to Ms. Peterson, there's certainly a genuine issue of material fact as to whether she was fired in violation of the Washington law against discrimination. So why would we not reach that conclusion? What rule would we have to adopt in order to avoid that conclusion? It would simply be that the evidence that's being relied on is consistent with the record, is not rebutted or is... So if there's a contradiction in the evidence, then it's not a genuine issue of material fact? Is that what you're saying? No. No, not at all. Well, I don't care about whether it's direct or circumstantial. I don't see how that makes a whiff of difference when we're trying to determine... I also share that concern from Judge Aikud. I thought the Supreme Court, in a case called Kosovi Desert Palace or something like that, said that circumstantial evidence is not a direct evidence. In some cases, could be as persuasive or more than direct. And I'm not arguing that point, Your Honor. What I'm saying is, if plaintiff's position is that with direct evidence, McDonnell Douglas is no longer in the picture, there's no consideration of whether or not the burden shifting doesn't exist, there's no pretext analysis, so you don't have to go through any of that. My point is simply, because of the record evidence in this case, that affidavit does not stand as direct evidence. It is circumstantial evidence, which is considered as part of the burden shifting process and is included in the pretext analysis that this Court must still go through in deciding whether or not there's a genuine issue of material fact. So in that pretext analysis, it is considered, but it is not dispositive of that issue. And in this case, the evidence is, and it was pointed out by the District Court, that Rodriguez, he terminated her based on not only her, but Mrs. Bruce as well. So to say that this was motivated by or because of her disability, to me it falls flat, because if that was the case, why would you fire Mrs. Bruce? A plaintiff makes a passing claim that, well, she also was disabled, but again, when you look at the record on that, she says she went to a doctor on January 16th and then made a complaint that this was stressful on her or whatever it might exactly have been. But Mr. Rodriguez testified that he made the decision to terminate them both on the 15th. So obviously, the termination on the 15th can't be a retaliation for something that he found out on the 16th. If you think the affidavit is false or contradicts other record evidence, when it appeared, why didn't you depose Mrs. Bruce or move to strike the affidavit? Part of the reason was, I think she was in Colorado at the time. I was not trial counsel on that. I don't know the discussions that, I know there were discussions. I don't know how those discussions came out. And it may have simply been a point of trial strategy that if she were to show up at trial and present testimony that was either, that was consistent with this affidavit, her credibility would have been torn to shreds by cross-examination of the record evidence that exists in this case that proves these statements are false. So from, and again, this is somewhat speculative on my part, but simply because somebody presents an affidavit that has things that are demonstrably false, doesn't mean you necessarily run out and depose that person if you want to destroy their credibility at a trial. I mean, that probably could be, again, my best guess as to why that might have occurred. But getting back to the pretext, they have to say, no, they have to establish that a discriminatory reason more likely motivated the employer. In this case, there's no question that the behavior of the two individuals motivated the decision. And again, I go back to the fact that one is non-disabled, one is disabled. How does that support a claim that there was a discriminatory reason for the decision? It doesn't. The other option is to show that the explanation is unworthy of credence, but the testimony is consistent throughout. Even Ms. Bruce in her affidavit says it's not a secret they didn't like each other. Their battles are documented, are talked about in the deposition testimonies. There's no question that this was a brewing kettle and it boiled over on January 15th in those phone conversations, and that's when the decision was made, and that's why they were terminated. Just want to, again, touch on the affidavit, because as I started to say, it says Ms. Peterson brought up medical issues surrounding her alleged celiac disease, which I pointed out occurred in January. She then goes on to say that she was instructed to start documenting things apparently after this conversation took place, but we know from the testimony that the conversation about, you know, if you think she's doing things unprofessionally, you need to document what's going on, you need to document her job performance, that occurred in December. So she couldn't have had a conversation in December about doing something that wasn't discussed or wasn't even talked about with Kelly until January. So it doesn't, again, that's part of why the affidavit doesn't stand as direct evidence in this case. There's some evidence that suggests that Bruce and Peterson discussed an accommodation request on January 8th. Some evidence that they went to Ms. Bruce's office and they had a discussion about how an accommodation plan or something like that. How is the affidavit contradicted by the record if indeed they were discussing an accommodation plan on January 8th? Because the conversations about documenting things occurred in December. The timing doesn't change. It's still, even best case scenario for plaintiff that they want to now say that a reference, because the plaintiff in response to that says, I don't need a formal accommodation. So to say that she was asking for a formal accommodation when her own comment was I don't need an accommodation, I think doesn't fly. But even in giving her that, it was still the basis for her saying this is why they told me to start documenting things. That occurred in December. It didn't occur after she brought up the idea of an accommodation, even best case scenario. But you don't have to make a formal request for an accommodation, do you? If you discuss the matter and it's clear to the company that an accommodation is requested, does it have to be formalized? It doesn't have to be. There's no magical words. I'm requesting an accommodation or anything like that. No. But if the person is saying I don't need you to do anything for me, then there's really nothing that's being requested. Now, she did, you know, Kelly did subsequent to that say, well, you've asked, you've made comments about your schedule and wanting to change your schedule back to what it was. So, you know, here is, because that was operating, that kind of thing. Here's a medical certification form, you know, give it to your doctor. They started that process. It just happened to be the following day, everything blew up, not because she asked for an accommodation, but because the two couldn't get along and the person in charge made the decision that there was just no saving this relationship. And for the betterment of the office, they had to move in a new direction. I would echo, you know, Judge Acuda's comments about the remand and the scope of the remand. They've already had their chance to try the claims relating to the Ms. Bruce's actions because the district court, I think, properly separated. You had the determination aspect of it and you had the alleged actions by Ms. Bruce. And they had their chance for trial on those claims. They lost. They shouldn't get a second bite at it. So those, to me, are no longer part of this case. And if there's any other questions, I see my time is about to expire. If there are any other questions, you can proceed. If you need an extra minute, you can proceed. I think I've covered it. Thank you. Great. Thank you, counsel. Thank you, Your Honor. I briefly wanted to touch upon the issue of this sham affidavit. I think the court has observed that the rule doesn't apply here. There was no motion to strike that was filed and there was no factual findings made by the court that would invoke that rule. There's no reason for extending that in this case. And one of the things that opposing counsel refers to is that this Bruce affidavit is demonstrably false. But he doesn't explain how. In fact, I've argued that it's consistent with what was the plan all along. Let's not terminate her right now. Let's drag this out Let's get evidence so that we can cover our tracks so it doesn't look like we're terminating her for these improper reasons. Now, he did mention the timing of this happened in January. I believe opposing counsel is conflating a couple of issues. One, the failure to accommodate and the specific request that I guess first came up on the 6th of January and was later, they met to discuss a formal accommodation plan, they being Bruce and Ms. Peterson on the 8th. But what counsel didn't state is that the complaints actually began in December. In fact, my client has testified to that, that she made verbal complaints. And there is, in fact, an e-mail dated December 16th where she complains of harassment. And she complains that the treatment she is experiencing by Bruce is making her physically sick. And she references her celiac. She also testified that after that, she followed up and made additional complaints. Counsel, your time has run, but just try to sum up if you can. Yes, Your Honor. The proximity and time is exceptionally relevant here. All of these things happen and they're terminated on the 20th of January, which was after Ms. Bruce herself complained about her issues and dealing with anxiety and needing additional time off, Your Honor. Thank you. With that, I have nothing further. I want to thank counsel on both sides for your fine arguments today. We appreciate it. With that, the court, I think, has covered all our cases for today, so we shall adjourn until tomorrow.
judges: Gould, Ikuta, Tunheim